# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| STEPHANIE MARTIN,<br><br>individually and<br>on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(D), 1441(A), 1446, AND 1453

PLEASE TAKE NOTICE that Defendant Uber Technologies, Inc. ("Uber") hereby effects the removal of a state court civil action titled *Stephanie Martin v. Uber Technologies, Inc.*, No. CACE24008562, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), because this case is a putative class action in which the proposed class exceeds 100 members, at least one member of the putative class is diverse from Uber, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 108.

1

**FACTUAL BACKGROUND**

1. On June 19, 2024, Plaintiff Stephanie Martin ("Plaintiff"), individually and on behalf of a class of similarly situated individuals, filed the State Court Action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against Defendant Uber Technologies, Inc. Uber was served with a copy of the Summons and Complaint on June 25, 2024. A copy of the Complaint with its exhibit is attached hereto as **Exhibit A**. A copy of the proof of service is attached hereto as **Exhibit B**.

2. No substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Exhibit C**.

3. Counsel for Plaintiff consented to an extension granting Uber up to and including August 14, 2024, in which to file its response to the Complaint.

4. The Complaint alleges that Uber has unlawfully charged taxes on optional delivery charges to consumers throughout the state of Florida. *See* Ex. A, Compl. ¶ 20. Plaintiff alleges that Uber has a "practice of charging sales tax on delivery fees [that] is unlawful," or "so reckless or wanting in care," and that Uber "has collected from its customers, and will continue to collect, thousands of dollars in sales taxes on separately stated and avoidable delivery fees." *See id.* ¶¶ 22–24. Plaintiff further claims that some of the taxes collected by Uber have not yet been paid to the state of Florida, and that Uber remains in possession and control of the collected taxes. *See id.* ¶ 25. Based on those allegations, Plaintiff asserts three causes of action against Uber generally: (1) "Negligence," *id.* ¶¶ 36–45; (2) "Declaratory and Injunctive Relief," *id.* ¶¶ 46–56; and (3) "Violation of § 501.204, Fla. Stat.," or the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") *id.* ¶¶ 57–61.

5. Plaintiff seeks compensatory and punitive damages, including pre-judgment interest, attorneys' fees, declaratory and injunctive relief, and costs of this action. *Id*. ¶ 61. Plaintiff also asks that she be "awarded the maximum amount of damages allowed by applicable law." *Id*. at 10.

6. Plaintiff seeks these remedies individually and on behalf of a class consisting of:

> All persons in Florida who, during the four years prior to the filing of this lawsuit, was [sic] charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida.

*Id*. ¶ 26.

7. "Defendant and its employees or agents are excluded from the Class." *Id*. ¶ 27.

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

8. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any member of a class of plaintiffs is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

9. Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). An assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id*. at 84. In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

10. "The party removing an action under CAFA bears the burden of establishing that CAFA's requirements have been met by a preponderance of the evidence, meaning that the

removing party must show that it is more likely than not that CAFA's requirements have been met." *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

### The Putative Class Is Sufficiently Numerous

11. Plaintiff purports to bring this action on behalf of "[a]ll persons in Florida who . . . was [sic] charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida." Compl. ¶ 26. Plaintiff "believes that there are at least 50 class members given the volume of consumer transactions completed by Defendant throughout Florida during the relevant time period." *Id.* ¶ 28.

12. A defendant may establish that it is more likely than not that the number of proposed class members under a plaintiff's class definition is not less than 100 by extrinsic evidence, such as an affidavit. *See Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1347, 1353 (N.D. Fla. 2011) (holding that defendants "met their burden of demonstrating that it is more likely than not that the number of proposed class members under [p]laintiffs' class definition is not less than 100," when defendants contended in their notice of removal that there are at least 108 members based on a search of records and an affidavit attached to their notice of removal); *cf. Thomas v. Bank of Am. Corp.*, 570 F.3d 1280, 1283 (11th Cir. 2009) (noting that a defendant must show that the size of a CAFA class meets the numerosity threshold by a preponderance of the evidence); *see Eyler v. ILD Telecommunications, Inc.*, No. 3:08-CV-351-J-32JRK, 2008 WL 5110754, at *8 (M.D. Fla. Nov. 25, 2008) ("In assessing whether removal is proper in a case in which plaintiffs challenge the removal by filing a timely motion to remand, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and

accompanying documents.") (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007)) (internal quotations omitted).

13. Plaintiff claims that the proposed class is comprised of "at least 50 class members," and Plaintiff's definition of the class is, "[a]ll persons in Florida who . . . was [sic] charged by Defendant and paid sales tax on a delivery fee" during the four years preceding the filing of the State Court Action. *See* Compl. ¶¶ 26, 28.

14. In fact, during the four years preceding the filing of the State Court Action, Uber (through its wholly-owned subsidiary Portier, LLC) has collected sales taxes on delivery fees for orders placed by at least 100 users (other than Uber and its employees and agents) who were charged by Uber and paid sales tax on a delivery fee that was separately stated on the invoice or receipt when the person had the option to pick up the order from the merchant in Florida. *See* **Exhibit D**, Declaration of Corey Donaway in Support of Uber's Notice of Removal, (the "Donaway Declaration") ¶ 3.

15. Thus, although Uber does not concede the truth of Plaintiff's allegations, those allegations, along with the Donaway Declaration, establish that the putative class has over 100 members for purposes of satisfying CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

## There Is at Least $5,000,000 in Controversy

16. Plaintiff seeks "compensatory and punitive damages, including pre-judgment interest, attorneys' fees, declaratory and injunctive relief, and costs of this action." Compl. ¶ 61, at 10. Plaintiff does not specify the amount of allegedly unlawfully collected taxes, nor compensatory and punitive damages. *See generally id*. Plaintiff only alleges that this action "exceeds $30,000, exclusive of interest, costs, and attorney's fees." *See id.* ¶ 9.

17.  Nevertheless, removal is proper under CAFA if a defendant shows that it is more likely than not that the amount of controversy exceeds $5 million through an affidavit. *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("When the plaintiff contests or the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient . . . a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence.") (citations omitted); *see Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 782–83 (11th Cir. 2014) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.") (citation and internal quotations omitted).

18.  The United States Court of Appeals for the Eleventh Circuit holds that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (noting that "[w]e've also observed that, in making this calculation, [a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence.") (citations and internal quotations omitted); *see Pretka*, 608 F.3d at 756 (holding that a defendant established by more than a preponderance of the evidence through declarations and plaintiffs' contracts that the amount in controversy exceeded $5 million).

19.  "The value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the [relief she is seeking] were granted." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014). "For CAFA purposes, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if declaratory relief were granted." *Id.* (noting that a defendant's affidavit established that the amount in

controversy exceeded $5 million); *cf. Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 782–83 (11th Cir. 2014) ("When considering whether a defendant has established the requisite amount in controversy for removal under CAFA, a district court looks to the notice of removal and accompanying documents . . . [t]he defendant can take into account damages and any equitable relief the plaintiff seeks, as long as the estimate is not overly speculative.") (citations and internal quotations omitted).

20. With respect to Plaintiff's first and third causes of action for negligence and violation of § 501.204, Fla. Stat., respectively, Plaintiff alleges that "Plaintiff and the Class Members were harmed by Defendant's negligence in the amounts of the unlawfully collected taxes, and seek compensatory and punitive damages, including pre-judgment interest, and costs of this action . . ." Compl. ¶¶ 45, 61. During the four years preceding the filing of the State Court Action, Uber has collected in excess of $5,000,000.00 in sales taxes on delivery fees for orders placed in the state of Florida (other than Uber and its employees and agents) who were charged by Uber and paid sales tax on a delivery fee that was separately stated on the invoice or receipt when the person had the option to pick up the order from the merchant in Florida. Donaway Declaration ¶ 7.

21. Plaintiffs also seeks to recover attorneys' fees. *See* Ex. A, Compl. at 10. "As a general rule, only attorney's fees allowed by statute or by contract count towards the amount in controversy." *Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1013 (S.D. Fla. 2019) (citing *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003)). "FDUTPA permits an award of attorney's fees to the prevailing party." *Id.* (citing FLA. STAT. § 501.2105).

22. Uber unequivocally does not concede the truth of Plaintiff's allegations, nor any entitlement by Plaintiff for reasonable attorney's fees. Uber notes solely for purposes of CAFA removal jurisdictional requirements that Plaintiff's allegations are based on her assumption that

she may be able to recover reasonable attorney's fees, if she prevails on her statutory FDUTPA claim. *See* FLA. STAT. § 501.2105.

23. Thus, taken together, Plaintiff's alleged compensatory damages, requests for declaratory and injunctive relief and the potential attorneys' fees Plaintiff may recover (assuming she prevails solely for purposes of this analysis) places well over $5 million in controversy.

### The Parties Are Minimally Diverse

24. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 901–02 (11th Cir. 2016) ("Under CAFA, federal courts have original jurisdiction over class actions in which there is minimal diversity—which is satisfied if at least one plaintiff and one defendant are from different states . . . ." ) (citation omitted).

25. Plaintiff is alleged to be a Florida citizen and resident. Compl. ¶ 7.

26. Uber is incorporated in Delaware and maintains its principal place of business in San Francisco, California. *See* **Exhibit E** (Delaware Department of State website); Donaway Declaration ¶ 1. Accordingly, Uber is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business).

27. The minimal diversity requirement is satisfied here because Plaintiff is a citizen of Florida, while Uber is a citizen of Delaware and/or California. *See* 28 U.S.C. § 1332(d)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

28. Venue is proper in this Court because Plaintiff filed the State Court Action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also* 28 U.S.C. § 89(c) ("The Southern District [of Florida] comprises the counties of Broward . . . .") (alteration in original).

29. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. Plaintiff served Uber on June 25, 2024. *See* Ex. B. Because this Notice of Removal is filed within 30 days of June 25, 2024, it is timely.

30. Pursuant to 28 U.S.C.§ 1446(d), Uber will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, and serve it on all parties. *See* **Exhibit F** (Notice to State Court).

## CONCLUSION

WHEREFORE, Uber hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

|  |  |
|---|---|
| Dated: July 25, 2024 | Respectfully submitted,<br>**K&L GATES LLP**<br><br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 3900<br>Miami, Florida 33131-2399<br>Telephone: (305) 539-3300<br>Fax: (305) 358-7095<br><br>*/s/ Jonathan B. Morton*<br>Jonathan B. Morton<br>Florida Bar No. 956872<br>Email: jonathan.morton@klgates.com<br>Alejandra Desiree Gonzalez<br>Florida Bar No. 1035938<br>Email: alejandra.gonzalez@klgates.com<br><br><br>*Attorneys for Uber Technologies, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 25th day of July 2024.

*/s/ Jonathan B. Morton*
Jonathan B. Morton

**EISENBAND LAW PA**
Michael L. Eisenband
Florida Bar No. 94235
[MEisenband@EisenbandLaw.com](mailto:MEisenband@EisenbandLaw.com)
515 E Las Olas BLVD, STE 120
Ft. Lauderdale, FL 33301
Telephone: 954-732-2792

*Counsel for Plaintiff and the Putative Class*

JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
STEPHANIE MARTIN, individually and on behalf of all others similarly situated

**DEFENDANTS**
UBER TECHNOLOGIES, INC.

**(b)** County of Residence of First Listed Plaintiff **BROWARD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JONATHAN B. MORTON, K&L Gates LLP
200 South Biscayne Blvd., Suite 3900, Miami, FL 33131
305-539-3300

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☒ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☒ YES ☐ NO
JUDGE:    DOCKET NUMBER: CACE24008562

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Removal of a state court civil action to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.
LENGTH OF TRIAL via   5   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** exceeds $5 Million
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE 7/25/24
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #**    AMOUNT    IFP    JUDGE    MAG JUDGE